```
 1
 2
 3
 4
 5
 6                          UNITED STATES DISTRICT COURT
 7                                 DISTRICT OF NEVADA
 8                                         * * *
 9   GARY LEONARD WETZEL,                      Case No. 3:18-cv-00114-MMD-VPC
10                       Petitioner,                          ORDER
          v.
11
     WARDEN ISIDRO BACA, et al.,
12
                         Respondents.
13
```

Petitioner has paid the filing fee. The Court has reviewed the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court will serve the Petition upon Respondents for a response.

Petitioner has submitted a motion for appointment of counsel. (ECF No. 1-2.) Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. *Weygandt*, 718 F.2d at 954. After reviewing the Petition, the Court finds that appointment of counsel is not warranted.

It is therefore ordered that the Clerk of the Court file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and the motion for appointment of counsel.

1 | It is further ordered that the motion for appointment of counsel (ECF No. 1-2) is denied.

It is further ordered that the Clerk add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for Respondents.

It is further ordered that the Clerk electronically serve upon Respondents a copy of the Petition and this Order. In addition, the Clerk is instructed to return to Petitioner a copy of the Petition.

It is further ordered that Respondents will have forty-five (45) days from the date on which the Petition was served to answer or otherwise respond to the Petition. Respondents must raise all potential affirmative defenses in the initial responsive pleading, including untimeliness, lack of exhaustion, and procedural default. Successive motions to dismiss will not be entertained. If Respondents file and serve an answer, then they must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then Petitioner will have forty-five (45) days from the date on which the answer is served to file a reply. If Respondents file a motion, then Petitioner will have fourteen (14) days to file a response to the motion, and Respondents will have seven (7) days from the date of filing of the response to file a reply.

It is further ordered that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the Court.

DATED THIS 22nd day of June 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE