UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GARY LEONARD WETZEL,

Petitioner,

v.

WARDEN ISIDRO BACA, *et al.*,

Respondents.

Case No. 3:18-cv-00114-MMD-CBC

ORDER

**I. SUMMARY**

Before the Court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 8), Respondents' motion to dismiss (ECF No. 14), and Petitioner's notice of withdrawal (ECF No. 18). The Court construes the notice of withdrawal as a concession that this action is untimely. The Court grants Respondents' motion and dismisses the action because it is untimely.

**II. BACKGROUND**

Petitioner pleaded guilty to sexual assault. On September 16, 1987, the state district court entered the judgment of conviction, sentencing Petitioner to life imprisonment. (Ex. 17 (ECF No. 15-15).) The judge recommended that Petitioner not be paroled. *Id.* Petitioner did not timely appeal.

On August 22, 1996, Petitioner filed a belated notice of appeal from the judgment of conviction. (Ex. 21 (ECF No. 15-19).) The Nevada Supreme Court dismissed the appeal as untimely on December 4, 1996. (Ex. 26 (ECF No. 15-24).) Remittitur issued on December 27, 1996. (Ex. 29 (ECF No. 15-27).)

On September 6, 2016, Petitioner filed a habeas corpus petition in the state district court. (Ex. 31 (ECF No. 15-29).) He alleged that the state district court clerk could not find the judgment of conviction in the case file, rendering the judgment of conviction invalid

1 and his custody illegal. (*Id.* at 6-7.) The respondents in that action produced a copy of the judgment of conviction. (Ex. 33 (ECF No. 15-31) at 6-7.) On October 13, 2016, Petitioner filed a motion to correct an illegal sentence in the state district court. (Ex. 34 (ECF No. 15-32).) On November 21, 2016, the state district court denied the habeas corpus petition because it was untimely under NRS § 34.726 and because Petitioner's claim was moot. (Ex. 43 (ECF No. 15-41) at 2-3.) The state district court also denied the illegal-sentence motion. (*Id.* at 2.) Petitioner appealed. The Nevada Supreme Court affirmed on June 15, 2017. (Ex. 51 (ECF No. 15-49).) However, the Nevada Supreme Court held that the time bar did not apply in Petitioner's case. (*Id.* at 1 n.2.) Remittitur issued on July 14, 2017. (Ex. 53 (ECF No. 15-51).)

Petitioner does not state when he mailed his federal habeas corpus petition to this court. The Court received the Petition on March 13, 2018. (ECF No. 1.)

### III. LEGAL STANDARD

Congress has limited the time in which a person can petition for a writ of habeas corpus under 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final 30 days after entry, when the time to appeal to the Nevada Supreme Court has expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *see also* Nev. R. App. P. 4(b), 26(a). If the

date on which the period would commence occurred before enactment of § 2244(d)(1) on April 24, 1996, then the period commenced on the next day, April 25, 1996. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. *Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

**IV.    DISCUSSION**

If the Court used the finality of Petitioner's judgment of conviction as the starting date of the one-year period of limitation, then this action would be untimely. The period actually would not have started until April 25, 1996, because Petitioner's judgment of conviction became final before enactment of 28 U.S.C. § 2244(d). The only matter that was pending in the state courts over the following year was Petitioner's untimely notice of appeal, which had no effect upon the period of limitation. The one-year period expired at the end of April 24, 1997. Petitioner's state habeas corpus petition and illegal-sentence motion, filed in September and October 2016, would not have qualified for tolling under 28 U.S.C. § 2244(d)(2). The one-year period already had expired. A state habeas corpus petition and a motion for other collateral review do not toll § 2244(d)(1)'s period of limitations when the period has already expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Petitioner states that he did not learn until February 2016 about the sentencing judge's recommendation of no parole. (Petition at 4 (ECF No. 8).) If the Court assumed that Petitioner learned of the recommendation on February 29, 2016, the last possible date, and if the court used that date as the starting point of the one-year period under 28 U.S.C. § 2244(d)(1)(D), then this action still would be untimely. One hundred ninety days passed between February 29, 2016, and September 6, 2016, when Petitioner filed his

state habeas corpus petition. (Ex. 31 (ECF No. 15-29).) His motion to correct an illegal sentence followed more than a month later, on October 13, 2016. (Ex. 34 (ECF No. 15-32).) The Nevada Supreme Court held that the time bar of NRS § 34.726(1) did not apply to Petitioner's habeas corpus petition. (Ex. 51 (ECF No. 15-49) at 1 n.2.) The state habeas corpus petition would have qualified for tolling the one-year period under 28 U.S.C. § 2244(d)(2).[1] The Nevada Supreme Court issued its remittitur on July 14, 2017. (Ex. 53 (ECF No. 15-53).) Between that date and this Court's receipt of the federal habeas corpus petition, 242 days passed. A total of 432 non-tolled days passed. That exceeds the one-year limit. This action would be untimely even if the one-year period of limitation began when Petitioner learned of the sentencing judge's comments.

The Court will not address Respondents' argument that Petitioner has not exhausted his state-court remedies. The Court instead is dismissing the action because it is untimely.

In response to the motion to dismiss, Petitioner filed a notice of withdrawal (ECF No. 18). The Court construes this notice as a concession that the motion to dismiss has merit. Even if the Court were to determine that Petitioner's notice supersedes the motion to dismiss, the outcome would be the same. The Petition was untimely when Petitioner filed it. Any petition that Petitioner would file after dismissal of this action also would be untimely. The Court still would dismiss this action with prejudice.

Reasonable jurists would not find the Court's conclusions to be debatable or wrong. The Court will not issue a certificate of appealability.

**V.    CONCLUSION**

It is therefore ordered that Respondents' motion to dismiss (ECF No. 14) is granted. This action is dismissed with prejudice as untimely. The Clerk of the Court is instructed to enter judgment accordingly and close this action.

---

[1] The illegal-sentence motion also would have qualified for tolling under 28 U.S.C. § 2244(d)(2), but Petitioner filed it after he filed his state habeas corpus petition and it concluded at the same time as the state habeas corpus petition. The illegal-sentence motion would not have tolled any additional time.

4

It is further ordered that no further action be taken on Petitioner's notice of withdrawal (ECF No. 18).

It is further ordered that a certificate of appealability will not issue.

DATED THIS 10th day of April 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE